## BARTHOLOMEW *vs.* YAW.

A bill will lie to recover the usurious excess paid upon a contract, though a judgment at law has been obtained against the borrower upon a contract, including the usurious interest, and such judgment has been paid.

The statute gives the remedy for the recovery of such usurious excess; and it is immaterial whether such excess has been paid voluntarily or compulsorily, by process of law.

The facts in this case will sufficiently appear from the opinion of the court.

*C. H. S. Williams*, for complainant.

*S. G. Haven*, for defendant.

THIS is a bill filed to recover back the excess of interest above seven per cent. on a loan of money.

The bill states a series of usurious transactions, a partial payment of a portion of the money loaned, less however than the amount loaned, with lawful interest thereon, and a final recovery and collection of the balance of usurious interest, included in several suits before a justice of the peace; and the bill is filed for the discovery and repayment of this usurious excess.

There is a demurrer to the bill, and the case comes on upon the argument of the demurrer.

It is conceded upon the argument, that the filing of a bill was a proper mode of proceeding, under title 3, chap. 4, part 2, of the Revised Statutes. It was further conceded, that the complainant could not recover, by reason of the payments made by him

upon the usurious notes, previous to the payments collected of him under the judgments of the justice, as these voluntary payments constituted no excess above a legal rate of interest.

We have, then, this naked case to decide. A person gives a usurious note; it is prosecuted by the payee; judgment obtained against the maker for the amount of the note, including the usurious interest; and the whole is paid by the maker, after such judgment. Can he recover back the excess beyond the lawful interest inthisform of proceeding. It is apparent, and indeed it is conceded by the defendant, that if such payment was made voluntarily, and without the compulsion of a court, where the complainant would have an opportunity to plead and prove the usury, that the complainant's remedy is perfect in this form. But the defendant says that in this case, the complainant had an opportunity to plead and prove the usury in the suits brought against him before the justice; and that having had such opportunity, those judgments are conclusive against him; and he quotes the familiar principle, that the judgment of a competent tribunal, when there is no fraud, is conclusive between the parties, and cannot be questioned in any other suit. It is true, that the complainant might, during the progress of these suits, have filed a bill of discovery, and obtained the evidence of the defendant to defeat the whole action, by shewing the contracts void; and it is true, that he having suffered that opportunity to pass, he cannot now come into this court under the allegation in his bill, to set those judgments aside, or avoid those contracts. The matter of the contracts is *res judicata*, and cannot now be reviewed here without some alle-

3

May, 1839.
Bartholomew
v.
Yaw.

gation of fraud, &c.    It seems to me that this bill does not propose to review those decisions here.

The complainant has preferred to pay the amount of money loaned with legal interest, as there is a moral obligation on him to do ; and he now asks repayment of the excess.    If he had paid this usurious excess without suit, there would be no question of his right to sustain this bill.    Does it make any difference whether he has paid it in consequence of a suit ?  He has *paid* it equally in the one case as in the other.    He has fulfilled the moral obligation on his part: he does not propose to have the usurious contract declared void, and throw the defendant entirely out of his whole money.    He comes here merely to ask a discovery and return of the excess, which the statute gives him in such case, a right to demand.    This is a new case ; but it seems to me, it is a clear one.    It seems to me that the statute gives this right of recovering the excess, however it may have been paid, whether voluntarily or by process of law.    The fact of the *payment* of the usurious excess is the foundation of the statute's remedy.    It affords a new substantive ground of action, based upon the statute itself; and which does not draw into review the decision of any other court.

The demurrer must, therefore, be overruled with costs.